HERSEY, Chief Judge.
Larry Arp appeals his conviction and sentence on a charge of escape. His first point on appeal is succinctly delineated thusly in his initial brief:
On October 9, 1985, Appellant was informed against for escaping from the Hollywood Correctional Center on September 11, 1985. On March 81, 1988, Appellant moved to dismiss the charge against him on speedy trial grounds, since he had been returned to custody since September 4, 1986. The trial court, on April 5, 1988, ordered him returned to Broward County for arraignment which was set for April 20, 1988. On Appellant’s petition for writ of prohibition, this Court in an order dated July 26, 1988, held that Appellant’s motion to dismiss should have been treated as a motion for speedy trial. This cause was remanded for the trial court to conduct a hearing as required under R.Crim.P. 3.191(i)(3), and to consider Appellant’s due process and speedy trial claims. After hearing, the trial court denied Appellant any relief.
The law of the case, established by this court’s order of July 26, 1988, is that appellant was entitled to a hearing on his motion for speedy trial “forthwith.” Finding that the order was complied with, we discern no merit in this aspect of appellant’s first argument. We also determine that no violation of appellant’s sixth amendment rights, admeasured as in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), has occurred.
Points II and IV are also clearly without merit.
As to Point III, whether or not there was a discovery violation, appellant was given the opportunity to depose the previously undisclosed expert witness and there was no objection to this remedial measure. Thus, there was no error, let alone fundamental error.
Accordingly, we affirm.
AFFIRMED.
GLICKSTEIN and DELL, JJ., concur.